STATE v. MRS. SANDRA MARSHBURN
AND
STATE v. JOSEPH G. MARSHBURN.

(Filed 23 November, 1966.)

**1. Criminal Law § 33—**

Evidence of defendant's membership in the K.K.K. is properly excluded.

**2. Assault and Battery § 14—**

The evidence in this case *held* sufficient to be submitted to the jury on the issue of the male defendant's guilt of assault on a female, he being a man over 18 years of age, and on the issue of the *feme* defendant's guilt of assault with a deadly weapon.

**3. Husband and Wife § 6—**

In this prosecution of husband and wife for assault on an 18 year old girl by attacking her and cutting off her hair, the evidence *is held* to disclose that the *feme* defendant was a moving spirit in the attack and to refute any claim that the wife acted under coercion of the husband.

APPEAL by defendant Mrs. Sandra Marshburn in No. 497 from *Mallard, J.,* April, 1966 Regular Criminal Session, and by defendant Joseph G. Marshburn in No. 499 from *Bickett, J.,* March, 1966 Regular Criminal Session, WAKE Superior Court.

These criminal prosecutions originated by warrants issued by the Garner Recorder's Court. In No. 497 the warrant charged that Mrs. Sandra Marshburn did unlawfully and wilfully assault one Linda Medlin with a deadly weapon, to-wit: a certain pair of scissors. In No. 499 the warrant charged that Joseph G. Marshburn, a male person over the age of 18 years, did unlawfully and wilfully assault one Linda Medlin, a female person. Each defendant was convicted in the Garner Recorder's Court. From a sentence of imprisonment each appealed to the Superior Court. The separate trials in the Superior Court resulted in convictions and prison sentences from which each defendant appealed.

Though the cases were based on separate warrants and were separately tried, nevertheless the prosecutions grew out of a single transaction. The defendants are husband and wife. The evidence at the trial in the Superior Court disclosed that on November 23, 1965, the defendants, in the nighttime, went to the home of Linda Medlin. The male defendant went to the house where Linda Medlin lived, called to her, and when she came to the door he requested the return of a watch and two rings which he had given her. After making his request he returned to his motorcycle out in the driveway. As the prosecuting witness attempted to deliver the watch and rings to Joseph Marshburn at the driveway, the female defendant, Sandra Marshburn, arose from behind the motorcycle and attempted

to assault her. Joseph Marshburn forcibly removed Linda's curlers and the female defendant, using a pair of scissors, clipped all the witness's hair, leaving it gapped and not over one-quarter of an inch long. During the difficulty the witness called to her younger brother in the house to bring the shotgun. The male defendant warned against this, drew his pistol, fired two shots in the air, as a result of which the prosecuting witness instructed her brother to stay in the house. The defendants demanded that the prosecuting witness remove all her clothes. She took refuge in a school bus, attempted to lock the door, but the defendants pursued her inside. The female defendant struck the witness with her fist and made this threat: "If I tried that stunt again [closing the door of the bus] she was going to stick the scissors in me and cut my guts out."

The jury in No. 497 convicted Mrs. Sandra Marshburn of an assault with a deadly weapon; and in No. 499 convicted Joseph Marshburn of assault on a female, he being a male person over 18 years. From judgments of imprisonment, both defendants appealed. The appeals were heard together in this Court.

*T. W. Bruton, Attorney General, Ralph Moody, Deputy Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*

*Vaughan S. Winborne for defendant Mrs. Sandra Marshburn, appellant.*

*Douglas F. DeBank for defendant Joseph G. Marshburn, appellant.*

PER CURIAM. The assignments of error in the two cases involve (1) the exclusion of evidence of Joseph G. Marshburn's membership in the K.K.K.; and (2) the sufficiency of the evidence to go to the jury and to sustain the convictions. We have carefully examined all assignments of error. The examination fails to disclose error in either trial.

It is difficult to understand why the charges were separately brought, and separately tried, and that two records were presented here. During the entire transaction both defendants were present, actively supporting each other in the assaults on an 18-year-old girl. The evidence disclosed that she and the male defendant had become engaged while the defendants were living in a state of separation. The evidence further disclosed that the prosecuting witness did not know the defendant Joseph Marshburn was a married man until a short time before the assaults were committed. The evidence refutes any claim the wife acted under the coercion of the husband.

On the contrary, it is rather obvious that she was the moving spirit in the attacks.

In No. 497 — *State v. Mrs. Sandra Marshburn* — No error.

In No. 499 — *State v. Joseph G. Marshburn* — No error.